Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
Kaufman P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and Putative Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOE IRVIN, on behalf of himself and others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>ALBERT CORPORATION,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

1. Joe Irvin ("Plaintiff") brings this class action against Albert Corporation ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing text message to

residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**PARTIES**

3. Plaintiff is a natural person who resides in Haralson County, Georgia.

4. Defendant is a corporation that is based in Los Angeles County, California.

**JURISDICTION AND VENUE**

5. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

6. This Court has personal jurisdiction over the Defendant and venue is proper because the Defendant resides in this District.

**INTRODUCTION**

7. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans

'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

8. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. *Id.* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon

their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**PLAINTIFF'S ALLEGATIONS**

9. Plaintiff is the regular and sole user of telephone number (470) XXX-XXXX and has been since at least May of 2024.

10. Plaintiff uses telephone number (470) XXX-XXXX as a personal residential number.

11. Plaintiff does not have a traditional landline.

12. Plaintiff has no other telephone numbers he uses for personal purposes.

13. Plaintiff has a personal telephone plan, which is paid for by the Plaintiff.

14. Plaintiff does not use telephone number (470) XXX-XXXX for business or commercial purposes.

15. Plaintiff registered telephone number (470) XXX-XXXX with the DNC Registry in February 2025.

16. Despite this, the Plaintiff received text messages from the Defendant in September and October of 2025.

17. The text entries are below:


1:45
35
(424) 425-1722
See app for details. Tap the link below 👇
https://app.albrt.co/text-download
Tap to load preview
Thursday, Oct 9 • 4:18 PM
Lester, do you know how much money you're spending on subscriptions every month?
Set up Albert to find out: https://app.albrt.co/text-download
Text message


1:45
(424) 425-1722
Terms apply. See app for details.
Tap the link below 👇
https://app.albrt.co/XijvOrA8KEb
Friday, Sep 5 • 4:28 PM
Hi Lester – it's Albert, the money app you signed up for. Get up to $1,000 with Instant when you finish signing up.
See app for details. Tap the link below 👇
https://app.albrt.co/text-download
Text message


1:46
(424) 425-1722
Friday, Jan 5, 2024 • 3:17 PM
Hi Lester – it's Albert, the money app you signed up for. Get $50 with Instant you can access immediately when you finish signing up.
This $50 offer expires in 8 days. Terms apply. See app for details.
Tap the link below 👇
https://app.albrt.co/XijvOrA8KEb
Friday, Sep 5 • 4:28 PM
Hi Lester – it's Albert, the money app you signed up for.
Text message

18. The subject text messages were intended for someone other than, and unknown to, Plaintiff.

19. The purpose of the subject text messages was to advertise and market Defendant's business or services.

20. Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages to telephone number 310-916-XXXX.

21. Plaintiff did not request information or promotional materials from Defendant.

22. Plaintiff suffered actual harm as a result of the subject text messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

23. Upon information and good faith belief, Defendant knew, or should have known, that telephone number 310-916-XXXX was registered with the DNC Registry.

## CLASS ALLEGATIONS

24. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

25. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

**National Do Not Call Registry Class**: All persons throughout the United States (1) who did not provide their telephone number to the Defendant, (2) to whom the Defendant delivered, or caused to be delivered, more than one call within a 12-month period, promoting the Defendant's goods or services, (3) where the person's telephone number had been registered with the National Do Not Call Registry for at least thirty days before the Defendant delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) who did not submit their telephone number to the Defendant, (5) within four years preceding the date of this complaint and through the date of class certification.

26. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

27. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

28. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

29. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in

complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

a. whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b. whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls and;

c. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

31. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of

effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

32. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**<u>COUNT I</u>**

**Violations of the TCPA, 47 U.S.C. § 227**

**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

33. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

34. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

35. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National Do Not Call Registry Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

36. These violations were willful or knowing.

37. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National Do Not Call Registry Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

38. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the National Do Not Call Registry Class, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the class as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(c)(5);

E. Attorneys' fees and costs, as permitted by law; and

F. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff on behalf of himself and the putative Class, respectfully demands a trial by jury on all issues so triable.

**PLAINTIFF**, on behalf of himself and others similarly situated,

DATED this 4th day of December, 2025.

By: */s/ Rachel Kaufman*

Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
Kaufman P.A.

237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*